IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEVE PENN, | ) |
| Plaintiff, | ) |
| v. | ) NO. 15-CV-00397-W-FJG |
| CYPRESS MEDIA, L.L.C, d/b/a THE KANSAS CITY STAR, ET AL., | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is plaintiff's Motion to Remand (Doc. # 12), defendants' Motion to Dismiss Counts II, III and IV (Doc. # 4), defendants' Motion for Summary Judgment on Count I (Doc. # 8) and defendants' Motion for Leave to File a Sur-Reply (Doc. # 19).

### I. BACKGROUND

Plaintiff filed an action in the Circuit Court of Jackson County, Missouri, on November 7, 2014 against Cypress Media, L.L.C. ("Cypress") asserting claims for defamation, prima facie tort and false light invasion of privacy. On March 3, 2015 plaintiff filed an amended petition against Cypress and added defendant Mike Fannin. In the Amended Petition, plaintiff asserts claims for defamation, prima facie tort and negligent infliction of emotional distress  The state court action was a re-filing of an earlier action by plaintiff against Cypress (but not Fannin), which had been voluntarily dismissed without prejudice by plaintiff on November 17, 2013. Defendant Cypress was served with the

Amended Petition on April 30, 2015 and defendant Mike Fannin was served on May 12, 2015. Defendants removed the case to this court on May 27, 2015. Defendants assert that jurisdiction is proper in this case, as plaintiff and defendant Cypress are citizens of different states and the amount in controversy exceeds $75,000. Defendants state that Mike Fannin is a citizen of Kansas, but allege that he has been improperly joined and his citizenship should be disregarded for removal purposes. Plaintiff alleged that he suffered damage to his reputation and a loss of business standing and contacts as a professional. He claimed economic damage in the form of lost job opportunities and punitive damages. Plaintiff did not seek a specific amount in damages, but rather an amount which is "fair and reasonable to compensate him for his injuries, but in any event no less than twenty-five thousand dollars ($25,000.00)." (Plaintiff's First Amended Petition, p. 6). Defendants claim that the amount in controversy has been met because plaintiff is seeking damage to his reputation, loss of business standing and contacts and lost job opportunities. Plaintiff has moved to remand and has filed an Affidavit stating that he is not seeking more than $75,000.00 in damages.

  Plaintiff is a Kansas resident. Defendant Cypress is a Delaware Limited Liability company, with its principal place of business in Sacramento, California. The sole member of Cypress is Cypress Media, Inc., a New York corporation with its principal place of business in Sacramento, California. Thus, Cypress is considered as a citizen of either New York or California for diversity purposes. Defendant Mike Fannin is a Kansas resident. If defendant Fannin is considered to be properly joined, there would be no diversity amongst the parties and the Court would not have jurisdiction. Defendants argue that Mike Fannin has been fraudulently joined as a party in order to destroy diversity jurisdiction.

## II. STANDARD

In <u>Bank of America v. Pennington-Thurman</u>, No. 4:15-CV-381 RLW, 2015 WL 5518728 (E.D.Mo. Sept. 17, 2015), the Court noted:

> [r]emoval statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. . . . A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C.§ 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. . . . The party seeking removal has the burden to establish federal subject-matter jurisdiction, including the requisite amount in controversy.

<u>Id</u>. at *1 (internal citations omitted).

In <u>Filla v. Norfolk Southern Railway Company</u>, 336 F.3d 806 (8th Cir. 2003), the Court articulated the standard for determining whether a party has been fraudulently joined:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. [I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained. . . .However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. . . . As we recently stated in <u>Wiles [v. Capitol Indemnity Corp.</u>, 280 F.3d 868, 871 (8th Cir. 2002)], joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. . . . Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

<u>Id</u>. at 810 (internal citations and quotations omitted).

## III. DISCUSSION

Plaintiff argues that this case should be remanded because there is not complete diversity amongst the parties and the amount in controversy requirement has not been met. A corporation is a citizen of its state of incorporation and also of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). It is defendant's burden to

3

prove that removal is proper and that all prerequisites are satisfied. See generally Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); In re Business Men's Assur. Co. Of America, 992 F.2d 181, 183 (8th Cir. 1993).

The Eighth Circuit has held that where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." In re Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003); Drobnak v. Andersen Corp., 561 F.3d 778, 786 (8th Cir. 2009); James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005); State of Mo. ex rel. Pemiscot County, Mo. v. Western Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)). To satisfy the preponderance of the evidence standard, the party seeking removal must offer "some specific facts or evidence demonstrating that the jurisdictional amount has been met." Hill v. Ford Motor Co., 324 F.Supp. 2d 1028, 1036 (E.D. Mo. 2004). The Court will apply the preponderance standard to this case consistent with the Eighth Circuit case law.

**A. Amount in Controversy**

Plaintiff argues that the case should be remanded because defendants have not offered any facts or evidence demonstrating that the jurisdictional amount has been met. Instead, defendants have only noted that plaintiff requests an amount of no less than $25,000, in each of the four counts of the petition, so aggregating the four counts, shows

4

that plaintiff is seeking in excess of $75,000. However, plaintiff states that the counts of the petition are plead in the alternative, and he may not receive a double recovery for the same element of damage. In response, defendants argue that when plaintiff was questioned in a 2013 deposition about the damages he was claiming in the earlier filed suit, he testified that "[al]ll I have is my reputation as a writer. That's all you're ever given and all you ever earn. And my reputation has been ruined beyond repair." (Penn Depo. p. 112-113). Defendants also state that Plaintiff has alleged the loss of relationships amounting to the end of his career as a journalist and a columnist. Defendants state that this testimony, combined with his lost earnings over the course of more than three years, shows that the damages at issue in this case exceed $75,000. In his reply suggestions, plaintiff states that after consultation with counsel, he has decided that he will seek no more than $75,000 in damages. Plaintiff attached his Affidavit in which he states: "I will request less than $75,000 in this lawsuit, exclusive of interests and costs, and if awarded more will voluntarily limit my recovery to less than $75,000.00." (Doc. # 18-1). Cypress filed a Motion seeking leave to file a sur-reply to respond to plaintiff's affidavit. Cypress argues that Penn's affidavit "created for purposes of avoiding federal jurisdiction is legally ineffective to deprive this Court of jurisdiction once it has attached." Holenbeck v. Outboard Marine Corp., 201 F.Supp.2d 990, 993 (E.D.Mo.2001).

In Levinson v. Cincinnati Ins. Co., No. 4:13-CV-1595 CAS, 2013 WL 5291772 (E.D.Mo. Sept.19, 2013), the Court stated:

> [t]he Supreme Court held in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), that a plaintiff may prevent removal by committing to accept less than the federal jurisdictional amount. After a case has been removed to federal court, however, it is too late for the plaintiff to foreclose federal jurisdiction by agreeing to collect less than the jurisdictional amount. Id. at 292-93. The rule from St. Paul Mercury has consistently been applied to cases in which the petition at the time of

5

> removal expressly stated a claim in excess of the jurisdictional amount, and therefore, removal jurisdiction had already attached. . . .Plaintiff's petition in this case does not expressly state a claim in excess of the jurisdictional amount. Further, plaintiff now stipulates that her damages do not exceed and she will not seek an amount greater than $75,000. Where damages are not specified in a state court complaint, this Court and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached, as long as the stipulation can be considered as clarifying rather than amending an original pleading.

Id. at *2 (internal citations and quotations omitted). In Ashworth v. Bristol West Ins. Co., No. 4:13CV1599 CDP, 2013 WL 5493420 (E.D.Mo. Oct. 1, 2013), the Court explained: "[b]ecause Missouri prohibits a plaintiff from seeking a specific amount of damages in his state court complaint, I may consider post-removal stipulations and pleadings to determine whether jurisdiction has attached, as long as it clarifies rather than amends an original pleading." Id. at *1.

In the instant case, the Court finds that plaintiff's affidavit clarifies that he is seeking less than $75,000.00 in damages. Plaintiff filed his motion to remand less than a month after defendants removed the case to this Court. Particularly in a case of this type, where plaintiff is claiming "damage to his reputation and a loss of business standing and contacts as a professional," items which are difficult to quantify, the Court finds it particularly appropriate for plaintiff to clarify the value of his damages and that his damages are below the jurisdictional minimum of $75,000.00. Therefore, because the petition did not specifically seek a dollar amount in excess of $75,000.00, the Court finds that federal jurisdiction never attached. Now that plaintiff has clarified the amount of damages he is seeking, the Court finds that defendants have failed to meet their burden to proof to show that the jurisdictional amount has been met. Accordingly, the Court hereby **GRANTS** plaintiff's Motion to Remand (Doc. # 12) and **GRANTS** defendants' Motion for Leave to File a Sur-Reply (Doc. # 19).

6

Case 4:15-cv-00397-FJG   Document 23   Filed 10/13/15   Page 6 of 7

### B. Fraudulent Joinder of Fannin

As the Court has concluded that the amount in controversy requirement has not been met, the Court need not address defendant's argument that defendant Fannin was fraudulently joined. The Court also declines to address defendants' Motion to Dismiss Counts II, III and IV (Doc. # 4) and defendants' Motion for Summary Judgment on Count I (Doc. # 8).

### IV. CONCLUSION

Therefore, because defendants have failed to establish that the jurisdictional amount in controversy has been met, the Court finds that it lacks jurisdiction over this action. Accordingly, defendants' Motion for Leave to File a Sur-Reply is hereby **GRANTED** (Doc. # 19), and plaintiff's Motion to Remand is hereby **GRANTED** (Doc. #12). This case is hereby remanded to the Circuit Court of Jackson County, Missouri.

Date: October 13, 2015         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri        Fernando J. Gaitan, Jr.
       United States District Judge